```
_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED
```

The Honorable Richard A. Jones

AUG 30 2021

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SUNG MO JUN, <br><br> Defendant. | NO. CR21-135 RAJ <br><br> **PLEA AGREEMENT** |

The United States of America, by and through Tessa M. Gorman, Acting United States Attorney for the Western District of Washington, and Justin W. Arnold, Assistant United States Attorney, Defendant SUNG MO JUN and Defendant's attorneys, Harold Malkin and Henry Phillips, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **Waiver of Indictment**. Defendant, having been advised of the right to be charged by Indictment, agrees to waive that right and enter a plea of guilty to the charge brought by the United States Attorney in an Information.

2. **The Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to the following charge contained in the Information: Securities Fraud (Insider Trading), as

Plea Agreement - 1
U.S. v. Sung Mo Jun, CR21-135 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

charged in Count 1, in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-1.

By entering a guilty plea, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3. **Elements of the Offense.** The elements of the offense to which Defendant is pleading guilty in Count 1, Securities Fraud (Insider Trading), in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-1 are as follows:

First, Defendant willfully used a device or scheme to defraud someone or engaged in any act, practice, or course of business that operated or would operate as a fraud or deceit upon any person;

Second, Defendant's acts were undertaken in connection with the purchase or sale of securities;

Third, Defendant directly or indirectly used an instrumentality of interstate commerce or any facility of any national securities exchange in connection with these acts; and

Fourth, Defendant acted knowingly.

In an insider trading case, the first element concerning a "device or scheme to defraud" or "act, practice, or course of business that operated or would operate as a fraud or deceit upon any person" is met when the following is proven:

First, Defendant possessed material, non-public information belonging to another, to wit, Netflix, Inc.;

Second, Defendant obtained the material, non-public information by virtue of a relationship of trust and confidence owed to Netflix, Inc.;

Third, Defendant knowingly traded or caused others to trade Netflix, Inc. securities on the basis of the material, non-public information;

Plea Agreement - 2
*U.S. v. Sung Mo Jun*, CR21-135 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Fourth, Defendant released material, non-public information to a person (the tippee) under circumstances where Defendant breached a duty not to benefit himself or his friends or relatives.

4. **The Penalties**. Defendant understands that the statutory penalties applicable to the offense to which he is pleading guilty, Securities Fraud (Insider Trading), as charged in Count 1, are as follows: A maximum term of imprisonment of up to 20 years, a fine of up to $5,000,000, a period of supervision following release from prison of up to 3 years, and a mandatory special assessment of $100. If a probationary sentence is imposed, the probation period can be for up to five (5) years. Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

Plea Agreement - 3
U.S. v. Sung Mo Jun, CR21-135 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

5. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of Defendant's peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against Defendant at trial;

   f. The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings.

6. **United States Sentencing Guidelines.** Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds

Plea Agreement - 4
U.S. v. Sung Mo Jun, CR21-135 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

    a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

    b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts.** The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offense:

**Netflix, Inc.**

    a. From at least July 2016, through at least July 2019 (the "relevant period"), Netflix, Inc. (Netflix) was an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934, or was otherwise required to file reports under that Section 15(d) of the Securities Exchange Act. During the relevant period, Netflix's headquarters were in Los Gatos, California.

*SUNG MO JUN Provided Netflix's Material, Non-public Information to Junwoo Chon and Joon Jun*

    b. From at least July 2016 through February 2017, SUNG MO JUN was employed by Netflix as a software engineer. As a Netflix employee, SUNG MO JUN had access to Netflix's subscriber data, including information concerning Netflix's growth in total subscribers. Netflix's new subscriber information constituted material,

Plea Agreement - 5
U.S. v. Sung Mo Jun, CR21-135 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

non-public information until Netflix publicly released the information as part of its quarterly and annual earnings announcements. During the relevant period, Netflix's subscriber information was a key metric that significantly affected the price of Netflix's stock.

  c.  At the beginning of SUNG MO JUN's employment at Netflix and continuing throughout his employment at Netflix, SUNG MO JUN was informed of, and acknowledged, Netflix's internal insider trading guidelines. Among other things, these guidelines prohibited SUNG MO JUN from: (1) trading in Netflix's securities while in possession of material, non-public information; and (2) passing Netflix's material, non-public information to others or recommending that others trade Netflix securities based on material, non-public information.

  d.  By virtue of his employment at Netflix, SUNG MO JUN had a duty to keep confidential the material, non-public subscriber information belonging to Netflix. Despite his duty to keep Netflix's material, non-public information confidential, SUNG MO JUN disclosed Netflix's subscriber information to his brother, Joon Jun, and his friend, Junwoo Chon, prior to each Netflix earnings announcement from July 2016 through April 2017. SUNG MO JUN disclosed this information with the knowledge that Joon Jun and Junwoo Chon would use the information in connection with the purchase and sale of Netflix securities.

  e.  In fact, in 2016, SUNG MO JUN told Junwoo Chon that SUNG MO JUN had access to the Netflix subscriber number and that it could help with trading in Netflix securities.

  f.  After SUNG MO JUN provided them Netflix's material, non-public information, both Junwoo Chon and Joon Jun conducted trades in Netflix securities, including stock and options, in online brokerage accounts using this information. They purchased these securities using interstate electronic wire transmissions originating from Bellevue, Washington, and Issaquah, Washington, among other places.

  g.  For example, on January 17, 2017, using the material, non-public information SUNG MO JUN provided them in breach of SUNG MO JUN's duty to Netflix, Junwoo Chon and Joon Jun each purchased 100 Netflix call options with a strike price of $130 which expired on January 27, 2017. After the market closed on January 18, 2017, Netflix announced its financial results for the fourth quarter ending December 21, 2016, and Netflix's subscriber number beat analyst expectations. Between January 19 and 23, 2017, Junwoo Chon and Joon Jun sold the call options they purchased on January 17, 2017 and realized significant profits.

Plea Agreement - 6
U.S. v. Sung Mo Jun, CR21-135 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

h. After Junwoo Chon made significant profits using the material, non-public information SUNG MO JUN provided to him, SUNG MO JUN asked Junwoo Chon to give SUNG MO JUN a portion of the trading profits. In response, Junwoo Chon transferred $60,000 from his online brokerage accounts to his personal bank account. Thereafter, Junwoo Chon withdrew a total of $60,000 in cash which he used to pay SUNG MO JUN SUNG MO JUN, who, in turn, made three separate bank deposits of $20,000 each between January and February 2017.

*SUNG MO JUN Obtained Netflix's Material, Non-public Information from Ayden Lee and Passed it to Junwoo Chon and Joon Jun*

i. After SUNG MO JUN left Netflix to take a different job, SUNG MO JUN asked Ayden Lee, SUNG MO JUN's friend and a Netflix employee, to provide him Netflix's material, non-public information, specifically Netflix's subscriber numbers. Like SUNG MO JUN, as a Netflix employee, Ayden Lee had access to Netflix's subscriber numbers. By virtue of his employment, Ayden Lee had a duty to keep confidential the material, non-public subscriber information belonging to Netflix. By providing Netflix's material, non-public information to others for the purpose of conducting trading in Netflix securities, Ayden Lee breached this duty.

j. Beginning in approximately June 2017 and until at least July 2019, at SUNG MO JUN's request, Ayden Lee provided this information to SUNG MO JUN. After receiving this material, non-public information from Ayden Lee, SUNG MO JUN conducted trades in Netflix securities, including stock and options, from the Republic of Korea and from Bellevue, Washington, among other places. SUNG MO JUN also provided this information to Junwoo Chon and Joon Jun so that they could trade Netflix securities based on the information.

*SUNG MO JUN and Joonwoo Chon Contacted Another Netflix Employee (Tipper 1) and Obtained Material, Non-public Information*

k. In addition to obtaining information from Ayden Lee, SUNG MO JUN, Junwoo Chon, and Joon Jun each contacted Tipper 1, another Netflix employee, in order to obtain information concerning Netflix's results between January 2019 and July 2019. SUNG MO JUN, Junwoo Chon, and Joon Jun knew Tipper 1 because they participated, together with others, in an online stock trading group. In response to these request, Tipper 1 provided general information on whether Netflix's quarter results would be neutral, positive or negative. SUNG MO JUN conducted trades in Netflix securities based in part on this material, non-public information.

l. Between July 2016 and April 2017, Junwoo Chon made a net profit of $521,400 and Joon Jun made a net profit of $215,419 (totaling $736,819) trading

Plea Agreement - 7
U.S. v. Sung Mo Jun, CR21-135 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Netflix securities based on the material, non-public information SUNG MO JUN gave them during this period. Between April 2017 and July 2019, SUNG MO JUN's trades in Netflix stock and options based on material, non-public information resulted in a total net profit of $434,086. Thus, the illicit gains attributable to SUNG MO JUN concerning insider trading in Netflix securities is $1,170,905.

**Technology Company 1**

m.  In February 2017, Technology Company 1 was an issuer with a class of securities registered under Section 12 of the Securities Exchange Act of 1934, or which was otherwise required to file reports under that Section 15(d) of the Securities Exchange Act. During the relevant period, Technology Company 1's headquarters were in Santa Clara, California.

n.  In January or February 2017, an employee at Technology Company 1 (hereinafter, Tipper 2) provided SUNG MO JUN information concerning Technology Company 1's business performance and outlook. Tipper 2 provided Technology Company 1's material, non-public information for the purpose of SUNG MO JUN executing securities trades in Technology Company 1's securities and in breach of Tipper 2's duty to keep Technology Company 1's inside information confidential.

o.  In February 2017, SUNG MO JUN informed Junwoo Chon and Joon Jun that Tipper 2 had provided Technology Company 1's material, non-public information to SUNG MO JUN. SUNG MO JUN then provided the information to Junwoo Chon and Joon Jun for the purpose of their trading based on the information. On January 3, 2017, SUNG MO JUN purchased 1,000 shares of Technology Company 1's stock on the basis of the material, non-public information Tipper 2 provided to SUNG MO JUN.

p.  On February 13, 2017, after the close of the trading markets, Technology Company 1 announced its fourth quarter and full year 2016 financial results.

q.  On March 30, 2017, SUNG MO JUN sold the 1,000 shares of Technology Company 1 stock he had purchased and made a profit of $1,102.

r.  The total amount of illicit profits attributable to SUNG MO JUN from trading based on the non-public information of Netflix and Technology Company 1 was $1,172,007. SUNG MO JUN admits that he received proceeds totaling $495,188 from his Securities Fraud offense.

s.  On August 13, 2020, FBI Special Agents interviewed Junwoo Chon. During the interview, Junwoo Chon denied paying cash to SUNG MO JUN as set forth above. After the FBI concluded the interview, but before FBI Special Agents began an

Plea Agreement - 8
U.S. v. Sung Mo Jun, CR21-135 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

interview of SUNG MO JUN, Junwoo Chon called SUNG MO JUN. Junwoo Chon told SUNG MO JUN the FBI was coming to interview SUNG MO JUN and that Junwoo Chon had denied paying SUNG MO JUN the $60,000 in cash so SUNG MO JUN should also deny it. Shortly thereafter, SUNG MO JUN falsely denied receiving cash payments from Junwoo Chon during SUNG MO JUN's FBI interview.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

9. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a.    A base offense level of eight (8) pursuant to USSG §2B1.4(a); and

    b.    A fourteen (14) level enhancement pursuant to USSG §2B1.4(b)(1) because gain attributable to the Defendant from the offense was $1,172,007.

The parties agree that no other provisions of the United States Sentencing Guidelines apply in this case. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

10. **Acceptance of Responsibility.** At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment acceptance for acceptance of responsibility pursuant to USSG §3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

Plea Agreement - 9
U.S. v. Sung Mo Jun, CR21-135 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

11. **Sentencing Recommendations.** The United States and Defendant are free to make any recommendation regarding sentencing allowable by law unless otherwise provided in this plea agreement. Defendant understands that any recommendation by the parties is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Fine.** The United States agrees that it will not recommend that the Court impose a fine at the time of sentencing.

13. **Restitution.** The parties agree and the United States will recommend that restitution is not applicable in this case because determining complex issues of fact related to identifying particular victims and the amount of those victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process.

14. **Forfeiture.** The Defendant understands that the forfeiture of property is part of the sentence that must be imposed in this case. The Defendant agrees to forfeit to the United States immediately his right, title, and interest in all property that constitutes or is traceable to proceeds of his commission of Securities Fraud (Insider Trading), in violation of Title 15, United States Code, Sections 78j(b) and 78ff and Title 17, Code of Federal Regulations, Sections 240.10b-5 and 240.10b5-1, as set forth in Count 1. All such property is forfeitable pursuant to Title 18, United States Codes Section 981(a)(1)(C), by way of Title 28, United States Code Section 2461. This property includes, but is not limited to, a sum of money in the amount of $495,188 reflecting the proceeds the Defendant obtained from the offense.

The Defendant agrees to fully assist the United States in the forfeiture of any forfeitable property and to take whatever steps are necessary to pass clear title to the

Plea Agreement - 10
U.S. v. Sung Mo Jun, CR21-135 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. The Defendant agrees not to file a claim to any of this property in any federal forfeiture proceeding, administrative or judicial, that may be or has been initiated, or to otherwise contest any federal forfeiture proceeding that may be or has been initiated. The Defendant also agrees he will not assist any party who may file a claim to this property in any federal forfeiture proceeding.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which the Defendant has any interest or control, if that property constitutes or is traceable to proceeds of his commission of Securities Fraud (Insider Trading).

15. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

Plea Agreement - 11
U.S. v. Sung Mo Jun, CR21-135 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

16. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant and any other person the United States has agreed in this Plea Agreement not to prosecute may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea required by this plea agreement, Defendant waives all rights to appeal from Defendant's conviction and any pretrial rulings of the Court. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the

Plea Agreement - 12
U.S. v. Sung Mo Jun, CR21-135 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    a.    Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

    b.    Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter a plea of guilty.

19. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

Plea Agreement - 13
U.S. v. Sung Mo Jun, CR21-135 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated: August 30, 2021

SUNG MO JUN
Defendant

HAROLD MALKIN
HENRY PHILLIPS
Attorneys for Defendant

JUSTIN W. ARNOLD
Assistant United States Attorney

Plea Agreement - 14
U.S. v. Sung Mo Jun, CR21-135 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970